JOHN A. NAPPER v. WEST JERSEY AND SEASHORE RAIL-
ROAD COMPANY.

JOHN W. SNYDER v. WEST JERSEY AND SEASHORE RAIL-
ROAD COMPANY.

Argued October 6, 1925—Decided March 24, 1926.

**Negligence—Grade Crossing Accident—Injury to Motor Car—
Judge's Charge Exacted More of Defendant Than was Legally
Required—Venire De Novo Awarded.**

On defendant's rule for new trial.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH
and CAMPBELL.

For the rule, *Bourgeois & Coulomb.*

*Contra, Wescott & Weaver* and *Joseph Beck Tyler.*

PER CURIAM.

The plaintiffs in both of these actions, which were tried
together, have verdict for damages for personal injuries re-
ceived in a collision between a motor car in which they were
riding and a train of the defendant company at a grade cross-
ing of the Glassboro pike, and the defendant has a rule to
show cause why the verdicts should not be set aside and a
new trial had.

The learned trial judge in his charge read to the jury the
portion of the statute requiring the giving of the statutory
signals of bell or whistle and also the statute relative to the
duty of railroad companies at crossings where safety gates or
other warning appliances have been installed.  He then pro-
ceeded to narrate to the jury the contentions of the respec-
tive parties as to the performance of the duties imposed upon
the defendant and also to instruct them as to the duties of

the respective plaintiffs, and then concludes or sums up the duties of the defendant in the following language:

"If you should find that the railroad company exercised all of the care, or due and reasonable care in accordance with the statutory obligations at this crossing, by providing a watchman in lieu of the gates while they were out of order, by having a lighted head light upon their front car, this being an electric train, by blowing their whistle and ringing their bell, then your verdict would be for the defendant for no cause of action."

This exacted more of the defendant than was legally required, inasmuch as the duty imposed by the statute to give warning is either by ringing the bell or blowing the whistle, not both.

The rule to show cause must, therefore, be made absolute, and a *venire de novo* awarded.